**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| WAIN ENTERPRISES, LLC, d/b/a WHEELERS, | CASE NO. 26-41157-pwb |
| Debtor. | JUDGE: BONAPFEL |

**RESPONSE AND LIMITED OBJECTION OF HLB PROPERTY HOLDINGS, LLC TO NOTICE OF POTENTIAL ASSUMPTION AND ASSIGNMENT OF UNEXPIRED LEASE AND PROPOSED CURE COSTS**

COMES NOW **HLB Property Holdings, LLC** ("HLB" or "Landlord"), by and through undersigned counsel, and files this Response and Limited Objection to the *Notice of (1) Potential Assumption and Assignment of Executory Contracts and Unexpired Leases, and (2) Proposed Cure Costs* (the "Notice") [Doc. 64], and to the extent necessary, the Debtor's *Motion for Order (1) Approving Sale Free and Clear of Liens, Claims, and Encumbrances; (2) Approving Assumption and Assignment of Executory Contracts and Unexpired Leases; and (3) Granting Related Relief* (the "Sale Motion") [Doc. 42], and shows the Court as follows:

1.

HLB is the landlord under the lease of certain nonresidential real property occupied by the Debtor, Wain Enterprises, LLC d/b/a Wheelers (the "Debtor"), including the premises identified in the Notice as **223, 401, 403, and 405 Davenport NW** (the "Lease").

2.

On July 8, 2026, the Debtor commenced this case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

3.

The Debtor has filed the Sale Motion seeking, among other relief, authority to sell substantially all of its assets and to assume and assign certain executory contracts and unexpired leases pursuant to 11 U.S.C. § 365.

4.

On August 14, 2026, the Debtor filed the Notice [Doc. 64], identifying HLB's Lease as a lease potentially to be assumed and assigned and stating a proposed Cure Amount of $71,500.00.

5.

The Notice requires any party disputing the stated Cure Amount, or asserting other defaults under its lease, to file a written Default Claim itemizing the nature of the default and amounts required to cure the monetary default.

6.

**HLB does not presently object to the proposed sale or to the assumption and assignment of the Lease, provided that all requirements of 11 U.S.C. § 365 are satisfied.** HLB files this limited objection to dispute the proposed Cure Amount and to preserve its rights with respect to cure and adequate assurance of future performance.

7.

Specifically, the Cure Amount stated in the Notice is incorrect and understates the monetary defaults existing under the Lease. Based upon HLB's books and records, the amounts presently required to cure the monetary defaults under the Lease are as follows:

| **Description** | **Amount Owed** | **Notes** |
|---|---|---|
| Partial Rent Payments Due | $27,500 | Rent due in the amount of $11,000 per month, but only $5,500 per month received for 11/2025, 12/2025, 1/2026, 2/2026, and 3/26, which is $5,500 short x 5 mos = $27,500. |
| Full Rent Payments Due | $48,000 | Rent due in the amount of $12,000 per month but $0 paid for 04/2026, 05/2026, 06/2026 and 07/2026. $12,000 x 4 mos = $48,000 |
| Insurance Premiums Due | $20,447 | Invoice #108 for $9,376.00 plus Invoice #155 for $11,071.00 |
| Total Cure Amount Owed = | **$95,947** | |

8.

Accordingly, HLB asserts a **Cure Amount and Default Claim of $95,947.00**, rather than the $71,500.00 identified in the Notice, subject to supplementation for any additional amounts that become due under the Lease prior to the effective date of

assumption and assignment, including without limitation any additional rent, insurance obligations, or other amounts required under the Lease.

9.

Section 365(b)(1) of the Bankruptcy Code provides that, where there has been a default under an unexpired lease, the debtor may not assume the lease unless, at the time of assumption, the debtor:

(a) cures, or provides adequate assurance that it will promptly cure, the default;

(b) compensates, or provides adequate assurance that it will promptly compensate, the non-debtor party for any actual pecuniary loss resulting from the default; and

(c) provides adequate assurance of future performance under the lease.

10.

Indeed, the Debtor expressly recognizes these requirements in the Sale Motion and represents that it intends to demonstrate at the Sale Hearing that the proposed purchaser has the financial ability to satisfy the obligations associated with any assumed and assigned leases.

11.

HLB therefore requests that any order authorizing assumption and assignment of the Lease expressly provide that the Lease shall not be assumed or assigned unless and until the full Cure Amount, as agreed by the parties or determined by the Court, is paid or adequate assurance of prompt payment is otherwise provided in accordance with 11 U.S.C. § 365(b)(1).

12.

HLB further requests that neither the Sale Motion, the Notice, nor any order entered thereon be construed to cap HLB's Cure Amount at $71,500.00, or to waive or otherwise impair HLB's rights to assert additional amounts becoming due under the Lease through the date of assumption and assignment.

13.

HLB further reserves the right to object to the assumption and assignment of the Lease on the basis of inadequate assurance of future performance pursuant to 11 U.S.C. § 365(b)(1)(C) upon identification of the proposed assignee and disclosure of the evidence

upon which the Debtor relies to establish the proposed assignee's financial ability to perform the Lease.

14.

Subject to the foregoing, HLB does not presently oppose the Debtor's proposed sale or the assumption and assignment of the Lease.

**WHEREFORE**, HLB Property Holdings, LLC respectfully requests that the Court:

(a) sustain this Limited Objection and recognize HLB's timely Default Claim;

(b) determine that the cure amount required in connection with any assumption and assignment of the Lease is **$95,947.00**, subject to adjustment for additional amounts accruing or otherwise becoming due under the Lease through the effective date of assumption and assignment;

(c) condition any assumption and assignment of the Lease upon satisfaction of the requirements of 11 U.S.C. § 365(b), including payment, or adequate assurance of prompt payment, of the full Cure Amount determined by the Court and adequate assurance of future performance by the proposed assignee;

(d) provide that HLB's rights and remedies under the Lease and applicable law are otherwise expressly preserved; and

(e) grant such other and further relief as the Court deems just and proper.

Respectfully submitted this 4th day of September, 2026.

Respectfully submitted,

/s/__*Brian R Cahn*_______________
Brian R. Cahn
Attorney for HLB Property Holdings, LLC
GA Bar No: 101965
**Brian R Cahn & Associates, LLC**
P.O. Box 3696
Cartersville, GA 30120
(770) 382-8900
Brian@NorthGaBankruptcy.com

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

| | |
|---|---|
| IN RE: | |
| | CHAPTER 11 |
| WAIN ENTERPRISES, LLC, d/b/a WHEELERS, | CASE NO. 26-41157-pwb |
| Debtor. | JUDGE: BONAPFEL |

**CERTIFICATE OF SERVICE**

I hereby certify that on the 4th day of September, 2026 I electronically filed the foregoing **Response and Limited Objection to Notice and Motion** using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

G. Frank Nason, IV
Lamberth, Cifelli, Ellis & Nason, P.A.
6000 Lake Forrest Drive, NW
Suite 290
Atlanta, GA 30328

Office of the United States Trustee
362 Richard Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

This 4th day of September, 2026.

/s/ *Brian R Cahn*
Brian R. Cahn, GA Bar No: 101965
**Brian R Cahn & Associates, LLC**
P.O. Box 3696
Cartersville, GA 30120
(770) 382-8900